UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HENRY LEE YOUNG,

                Petitioner,            Case No. 1:09-cv-749

v.                                                Honorable Robert Holmes Bell

BLAINE C. LAFLER,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.       Factual Allegations

Petitioner Henry Lee Young presently is incarcerated at the Cooper Street Correctional Facility.[1] On October 26, 1998, following a jury trial, Petitioner was convicted of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, in Oakland County Circuit Court. He is serving a prison term of twenty to forty years.

Petitioner filed a direct appeal to the Michigan Court of Appeals. On May 18, 2001, the Michigan Court of Appeals affirmed Petitioner's conviction. Petitioner then sought leave to appeal in the Michigan Supreme Court, raising several issues not raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal on March 25, 2002. *See People v. Young,* 642 N.W.2d 678 (Mich. 2002).

On December 6, 2002, Petitioner filed his first application for habeas corpus relief raising several unexhausted claims. *See Young v. Jones,* No. 1:02-cv-880 (W.D. Mich.). The Court dismissed Petitioner's first application for habeas corpus relief without prejudice for lack of exhaustion on December 19, 2002. The Court also concluded that Petitioner had more than sixty days remaining in the limitations period, and, thus, he was not in danger of running afoul of the statute of limitations as long as he diligently pursued his state-court remedies. (*See id.*, Dec. 19, 2002 Op. at 6, docket #6.)

On or about March 19, 2003, Petitioner filed a motion for relief from judgment in the Oakland County Circuit Court. (Am. Pet. at 3, docket #5.) The trial court denied the motion on

---

[1]When Petitioner filed his original application for habeas corpus relief, he was incarcerated at the Boyer Road Correctional Facility, which is located in Montcalm County. Venue, therefore lies in this district. *See* 28 U.S.C. § 2241.

September 3, 2003. Petitioner, however, never sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Petitioner also filed collateral motions in 2004, 2006 and 2008. (Br. in Supp. of Pet. at vii-viii, docket #2).

Petitioner filed the instant application for habeas corpus relief in this Court on August 6, 2009.[2] The Court then ordered Petitioner to file an amended petition on the form. (Sept. 3, 2009 Order, docket #4.) Petitioner filed an amended petition on September 29, 2009. In his amended application for habeas corpus relief, Petitioner raised the following four grounds, verbatim:

   I.   THAT I AM "ACTUALLY INNOCENT."

   II.  TRIAL ON APPELLATE COUNSEL'S PERFORMANCE WAS CAUSE FOR DEFAULT OF PETITIONER'S FEDERAL CLAIMS.

   III. THAT THE PETITIONER'S CONVICTION WAS BASED ON PROSECUTORIAL COUNSELED PERJURED TESTIMONY.

   IV.  PETITIONER INCORPORATES BY REFERENCE THE ISSUES AND ARGUMENTS PRESENTED IN HIS INITIAL "MOTION TO RE-OPEN HABEAS PETITION."

(Am. Pet. at 6-10, docket #5.)

   II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his original application on August 6, 2009, and it was received by the Court on August 13, 2009. Thus, it must have been handed to prison officials for mailing at some time between August 6 and 13. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

of the AEDPA, there was no defined period of limitation for habeas actions.[3] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the

---

[3]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 25, 2002. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 24, 2002. *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Without the benefit of tolling, Petitioner had one year from June 24, 2002, until June 24, 2003, to file his habeas application. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 549 U.S. at 332 (citing *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.*[4] Petitioner filed a motion pursuant to Michigan Court Rule 6.500 with the Oakland County Circuit Court on March 19, 2003, at which time he had ninety-seven (97) days remaining in the limitations period. The Oakland County Circuit Court denied Petitioner's motion on September 3, 2003. Petitioner did not appeal the decision of the Oakland County Circuit Court to either the Michigan Court of Appeals or the Michigan Supreme Court. Michigan law permits the

---

[4] Furthermore, the limitations period was not tolled by the filing of Petitioner's first federal habeas petition in 2002. *Duncan v. Walker*, 533 U.S. at 181-82.

filing of a delayed application to the court of appeals for leave to appeal until 12 months after a circuit court decision, *see* MICH. CT. R. 7.205(F). Petitioner had one year, until September 3, 2004, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment exists from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Nor may he count the 90-day period for filing a petition for a writ of certiorari. *See Lawrence*, 549 U.S. at 332. Thus, the one-year period began to run again on September 3, 2004. *See Bronaugh*, 235 F.3d at 284-85. With the benefit of tolling, the statute of limitations expired 97 days later on December 9, 2004. Petitioner filed his application for habeas corpus relief over four years later on August 6, 2009.

Petitioner filed another motion for relief from judgment in 2004. According to Petitioner's brief, he filed a second motion for relief from judgment in "late 2004." (Br. in Supp. of Pet. at vii, docket #2.) The motion, however, "was returned without filing" because it was "successive." (*Id.*) Petitioner's second motion for relief from judgment does not toll the limitations period because it was not a "properly filed" application for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). An application for post-conviction relief must be "properly filed." *Artuz v. Bennett*, 531 U.S. at 8. An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (emphasis in original). Petitioner was prohibited from filing a second motion for relief from judgment pursuant to Michigan Court Rule 6.502(G)(1), which provides that after August 1, 1995, only one motion for relief from judgment may be filed with regard to a conviction. Because Petitioner's second motion

was filed in violation of state law, it may not serve to toll the limitations period. *See Pace*, 544 U.S. at 413; *Artuz*, 531 U.S. at 8; *see also Rodriguez v. McQuidgen*, No. 08-cv-13263, 2009 WL 2742004, at * 3 (E.D. Mich. Aug. 25, 2009) ("Because petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2).").

Petitioner also filed collateral motions in 2006 and 2008. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 494). Because Petitioner's one-year period expired in 2004, his collateral motions filed in 2006 and 2008 do not serve to revive the limitations period. Accordingly, the petition is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th

Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to allege any facts or circumstances that would warrant the application of equitable tolling in this case. In his amended petition, Petitioner argues that his post-conviction filings tolled the statute of limitations. (Am. Pet. at 13.) As stated above, only Petitioner's first motion for relief from judgment tolled the statute of limitations; his subsequent motions were not "properly filed" and therefore did not toll the statute. Because Petitioner filed his application for habeas corpus relief over four years after the statute of limitations expired, his petition is time-barred.

Petitioner also claims that he is actually innocent of the offense for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). Petitioner, however, fails to meet the standard for alleging a claim of actual innocence. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "'factual innocence, not mere legal insufficiency.'" *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

      Petitioner provided the affidavit of the victim, Ruby Lynn, as evidence of his actual innocence. (Attach. 1 to Am. Pet., docket #5.) In the affidavit, Ruby Lynn, who had been involved with Petitioner for several years and has two children with Petitioner, states that she was attacked by another man. Recantation by a victim who testified at trial is universally viewed with suspicion by reviewing courts, especially when it comes years after the crime. *See Dobbert v. Wainwright*, 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of *certiorari*) ("Recantation testimony is properly viewed with great suspicion."); *Chavis-Tucker v. Hudson*, No. 07-4537, 2009 WL 3232068, at * 9 (6th Cir. Oct. 9, 2009); *Bower v. Curtis*, 118 F. App'x 901, 908 (6th Cir. 2004). Such "evidence" rarely is sufficient to undermine confidence in a verdict. The recantation evidence in the present case is especially unreliable. First, a reasonable juror could easily conclude that the recantation of Ruby Lynn should be disbelieved because she had been involved with Petitioner for twenty-five years and he is the father of two of her children. *McCray*, 499 F.3d at 574; *Chavis-Tucker*, 2009 WL 3232068, at * 9 (*see also* Attach. 1 to Am. Pet., docket #5.) Second, the affidavit (¶ 5) states that Lynn "tried to explain this" to Petitioner's attorney and the prosecuting attorney at the time of trial. Thus, it can hardly be considered newly discovered evidence. (Attach. 1 to Am. Pet., docket #5.) Therefore, the testimony of Ruby Lynn is unlikely to convince a reasonable juror

that more likely than not Petitioner is actually innocent of first-degree criminal sexual conduct. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period also does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Here, petitioner had actual notice of the one-year statute of limitations through the Court's December 19, 2002 opinion. *Young v. Jones*, No. 1:02-cv-880 (W.D. Mich. Dec. 19, 2002). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: October 16, 2009          /s/ Joseph G. Scoville
                                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).