UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE YOUNG,

    Petitioner,

v.                                  CASE NO. 1:09-CV-749

BLAINE C. LAFLER,              HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Henry Lee Young's petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Dkt. No. 1.) On October 16, 2009, Magistrate Judge Joseph G. Scoville issued a report and recommendation (R&R) recommending that this petition be dismissed because it is barred by the one-year statute of limitations governing habeas proceedings. (Dkt. No. 7.) Petitioner filed objections to the R&R on October 26, 2009. (Dkt. No. 8.) This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner concedes that his petition is "time barred on its face." (Dkt. No. 8, at 1.) Nevertheless, Petitioner first argues that the Court should consider it because "Petitioner has

been incapable of doing, or securing adequate representation through the habeas corpus procedure." (*Id.* at 2.) Though Petitioner submits that he "may not be entitled to equitable tolling of the statute of limitations" (*id.* at 3), equitable tolling appears to be precisely what Petitioner is requesting. For equitable tolling to apply, Petitioner must demonstrate "that he has been pursuing his rights diligently" and that "extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). However, Petitioner's lack of skill and inability to secure assistance in the filing of his petition do not constitute "extraordinary circumstances" sufficient to relieve Petitioner of the one-year filing requirement. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations.").

Petitioner also argues that he should be excused from the one-year limitations period because he is actually innocent. As the Magistrate Judge notes, a credible showing of actual innocence can, in some circumstances, relieve the application of the limitations period. *McCray v. Vasbinder*, 499 F.3d 568, 577 (6th Cir. 2007). However, a claim of actual innocence must be supported by evidence that is both "new" and "reliable." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In support of his claim that he is actually innocent, Petitioner submits an affidavit from the victim, Ruby Lynn, recanting her testimony that implicated Petitioner in her assault. (Dkt. No. 2, Ex. A (affidavit).) However, this evidence is neither credible nor new. Victim recantations are viewed with great suspicion, especially when the

victim has a prolonged and intimate relationship with the defendant, as is the case here. *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001) ("[A]ffidavits by witnesses recanting their trial testimony are to be looked upon with extreme suspicion."); *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991) ("Recanting affidavits and witnesses are viewed with extreme suspicion."). In addition, the evidence is not new because Petitioner's trial attorney and the prosecutor were informed of Ms. Lynn's recantation prior to Petitioner's conviction. (Dkt. No. 2, Ex. A (affidavit) ¶ 5.).

Pursuant to 28 U.S.C. § 2253, the Court must also determine whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate should issue. *Id.* Upon review of each claim, the Court does not believe that a reasonable jurist would find the Court's assessment of Petitioner's claims to be debatable or wrong.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 8) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 7) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas petition under 28 U.S.C. § 2254 (Dkt. No. 5) is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: August 10, 2010                       /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE